IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG A. BLAMIRES,<br><br>    Respondent. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-00310-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This case was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (Dkt. 3.) The IRS petitioned the District Court to enforce an administrative summons that requested information related to Mr. Blamires' alleged failure to file income tax returns. (Dkt. 2.) The District Court requested this Court "hear the evidence and make a written report and recommendation" addressing the "proper disposition of the Petition." (Dkt. 3.) The District Court simultaneously issued an order to show cause directing Mr. Blamires to respond to the Petition in writing. *Id.* Mr. Blamires filed a written memorandum opposing the IRS Petition but did not file provide any sworn statements to support his response. (Dkt. 4.) The United States filed a timely response to Mr. Blamires' submission. (Dkt. 6.) The undersigned conducted a hearing on this matter on June 22, 2015, at 2:00 p.m. to hear arguments to assist in a determination of this petition. At the hearing, the court elected to delay issuing a report and recommendation based on an apparent agreement reached between the parties. The parties' agreement was not entirely successful in resolving the issues, as detailed by the IRS's recent submission. (Dkt. 9.) Accordingly, the IRS has requested the court issue a report and recommendation. (*Id.*)

II.     ANALYSIS

   a. **Overview of IRS authority**

Mr. Blamires presents various reasons that he believes the IRS and this court both "lack jurisdiction" over him. Mr. Blamires' challenge appears to focus on the IRS's authority to issue a summons and this court's power to enforce that summons. The United States Supreme Court summarized the authority for both actions recently:

> [I]n support of th[e IRS's] authority [to make the inquiries, determinations, and assessments of all taxes], Congress has granted the Service broad latitude to issue summonses "for the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ..., or collecting any such liability." § 7602(a). Such a summons directs a taxpayer (or associated person) to appear before an IRS official and to provide sworn testimony or produce "books, papers, records, or other data ... relevant or material to a tax inquiry." § 7602(a)(1).
>
> If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court. See §§ 7402(b), 7604(a). In that proceeding, we have held, the IRS "need only demonstrate good faith in issuing the summons." *United States v. Stuart,* 489 U.S. 353, 359, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989). More specifically, that means establishing what have become known as the *Powell* factors . . . .

*United States v. Clarke*, 134 S. Ct. 2361, 2365, 189 L. Ed. 2d 330 (2014) (alterations and footnote omitted). Under *Powell* and its progeny:

> To obtain enforcement of a summons, the government must establish a prima facie case for enforcement by showing that (1) the summons was issued for a proper purpose; (2) the information sought may be relevant to that purpose; (3) the IRS does not already possess that information; and (4) the administrative steps required by the Internal Revenue Code have been followed.

*United States v. Wankel*, 475 F. App'x 273, 275-76 (10th Cir. 2012) (citing *United States v. Powell,* 379 U.S. 48 (1964)). "Once the government has met this burden, which is 'slight,' burden shifts to [respondent] to show that enforcement of the summons would 'constitute an abuse of the court's process,' or that the IRS lacks 'institutional good faith.'" *Id.* (quoting *Anaya*

2

*v. U.S.*, 815 F.2d 1373). "The [taxpayer's] burden is a heavy one." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985). Likewise, IRS "summons enforcement proceedings 'are intended to be summary in nature.'" *Id.* at 1449.

### b. The IRS's prima facie case and Blamires' challenges to the IRS's affidavit

To establish a prima facia case, "the IRS usually files an affidavit from the responsible investigating agent." *United States v. Clarke*, 134 S. Ct. 2361, 2365, 189 L. Ed. 2d 330 (2014). The IRS has done so here. (Dkt. 2, Ex. 1.) The taxpayer then bears the burden of challenging the IRS's affidavit. *Clarke* at 2365. "The burden is a heavy one." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985). "[A] taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." *Id.* Mr. Blamires attempts to challenge the IRS's affidavit, but fails to submit any affidavit or other facts of his own.

Further, even interpreting the materials liberally, there appears to be no legitimate challenge to the IRS summons. The court will briefly address Mr. Blamires' challenges based upon the Fifth Amendment and the Health Insurance Portability and Accountability Act ("HIPAA") for the District Court's convenience.

### 1. Fifth Amendment

Mr. Blamires argues that compliance with the summons will compromise his Fifth Amendment rights as described in *U.S. v. Doe*, 465 U.S. 605 (1984). Mr. Blaimres concludes that he cannot be compelled to produce any documents or provide any testimony for this reason. While Fifth Amendment challenges may be properly raised in response to IRS summonses, broad challenges like Mr. Blamires' have been repeatedly rejected in the Tenth Circuit. *E.g., U.S. v. Schmidt*, 816 F.2d 1477, 1480-82 (10th Cir. 1987) ("Appellants' generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of

the Fifth Amendment privilege in refusing to produce any of the documents requested by the summonses."). The Tenth Circuit recently applied the *Schmidt* standard in *U.S./I.R.S. v. Lanoie*. *See* 403 F. App'x 328, 332-34 (10th Cir. 2010) (unpublished). The *Lanoie* court found that the respondent "clearly failed to properly invoke his Fifth Amendment privilege" because "[i]n response to each question, [respondent] invoked the Fifth Amendment privilege . . . ." *Id.* at 334. The court found that "[t]hose general assertions do not satisfy [respondent]'s obligation to show that he faced a real and substantial risk of criminal liability; rather, they amount to the kind of generalized claim of privilege we have found to be insufficient." *Id.* The court also noted that the summons was issued as part of a civil investigation, and that "the mere fact that evidence might be used against [a taxpayer] in a later prosecution will not support a claim of self-incrimination." *Id.* (alteration in original). Just as in *Lanoie*, Mr. Blamires refuses to produce any documents or appear to answer the IRS's questions because he claims his Fifth Amendment rights would be violated. He suggests that even if he appeared he could only answer questions about his "name and address" but nothing more. (Dkt. 4 at 16.) Based upon the foregoing, Mr. Blamires' Fifth Amendment argument must be rejected.

    2.  **HIPAA**

Mr. Blamires next argues that federal HIPAA regulations codified at 45 C.F.R. §§ 160 & 164 ("HIPAA regulations") prohibit disclosure of information sought by the IRS as it relates to Mr. Blamires' chiropractic practice. Mr. Blamires does not identify any specific documents or document category of which the HIPAA regulations prohibit production. Much like his Fifth Amendment challenge, Mr. Blamires simply asserts he cannot comply with the any portion of IRS summons due to HIPAA regulations. This argument is does not withstand scrutiny. HIPAA regulations provide specific procedures for complying with administrative and judicial demands for information that is otherwise subject to HIPAA regulations. *See* 45 C.F.R. § 164.512.

Moreover, the IRS clarified that it has not sought the identity of any patients and only seeks information regarding Mr. Blamires' income. While Mr. Blamires is not excused from his duties under the HIPAA regulations, he has not demonstrated that he cannot comply with both the IRS summons and the HIPAA regulations.

### c. Costs

Finally, Mr. Blamires correctly argues that the IRS is not presently entitled to costs of brining this action. "[I]f the IRS establishes a prima facie case, the only consequence of the taxpayer's failure to appear should be enforcement of the IRS summons." *U.S. v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982). The IRS included a request for costs in its prayer for relief. The IRS does not appear to pursue costs at the present time. Nonetheless costs may later be imposed as a sanction if Blamires fails to comply with a court order enforcing an IRS summons. *See U.S. v. Gonzales*, 531 F.3d 1198, 1201 (10th Cir. 2008); *U.S. v. Bennett*, No. CIVA. 06CV0244, 2007 WL 4840822, at *2 (D. Colo. Sept. 14, 2007) *report and recommendation adopted*, No. CIVA06CV02440, 2007 WL 2934872 (D. Colo. Oct. 5, 2007).

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the District Court:

1. Find that Respondent has failed to show cause why he should not be compelled to comply with the Summons;

2. Order Respondent to provide the documents requested by the Summons to the IRS on or before the twentieth (20th) day from the date of the District Court's order adopting this Report and Recommendation.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 30th day of October, 2015.                By the Court:

_____
Dustin B. Pead
United States Magistrate Judge